EDWARD R. FRENCH, PROSECUTOR, v. HENRY COOPER, INSPECTOR OF BUILDINGS OF OCEAN CITY, ET AL., RESPONDENTS.

Submitted May 1, 1945—Decided September 24, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Alexander Blatt.*

For the respondents, *John E. Boswell.*

The opinion of the court was delivered by

COLIE, J. Prosecutor, Edward R. French, is the owner of premises at the corner of North Street and Atlantic Avenue in Ocean City. Desiring to erect a canvas and wooden awning supported by iron piping, he made application to the building inspector who refused a permit. On appeal, the Board of Adjustment sustained the refusal. *Certiorari* was allowed to review this action.

The refusal of a building permit is based upon a provision of the zoning ordinance of Ocean City, section 5 (h) : "No fixed metal, wood or cloth awning shall extend more than five feet (5′) from any main building wall and must not be less than seven feet (7′) in the clear above the sidewalk or boardwalk grade, and shall not be supported from or by any post fixture or device resting on or attached to any street or boardwalk," and a further provision "A front yard shall be a set-back of not less than 10′ on Atlantic Avenue and 4′ on

North Street, from the front or street property line to the porch or nearest part of the house or building."

The sketch returned with the record discloses that the building proper has the necessary set-backs on both Atlantic Avenue and North Street and in the absence of proof to the contrary we hold that the awning is not a part of the building. There is no evidence that it is permanently attached to the building and it is at most an adjunct thereto; *i. e.,* added but not essentially a part thereof.

It is settled that a municipality has no power to limit the use to which property may be put unless the regulation is designed to promote public health, safety and general welfare. *Durkin Lumber Co. v. Fitzsimmons,* 106 *N. J. L.* 183. We fail to see in what respect the erection of this awning can adversely affect public health, safety or general welfare. The absence of a brief on behalf of respondents suggests that they, too, experience the same quandary. The fact that nearby property owners have expressed themselves as favoring the proposed erection and that none objects, weighs against the reasonableness of the decision to refuse the permit. Prosecutor is entitled to his permit and costs.