Plaintiffs were allowed a writ of certiorari prior to September 15, 1948 to review a decision of the Board of Adjustment denying an appeal from the action of the Building Inspector of Ventnor City who had previously granted an application of Abraham and Sona Soltz for a permit to make alterations to their property at 101 South Oxford Avenue, Ventnor.
Ventnor City has a zoning ordinance, which, so far as pertinent to the present case, provides in Section 10:
"(a) In a residence district a front yard is required on every lot and each story or part of a building, exclusive of cornices or a one-story open or glass-enclosed porch, shall be set back from the line of *Page 13 
the street on which the building fronts by at least a minimum distance as follows:
"1. Fifteen (15) feet in an R-1 or R-2 District.
"2. Twelve (12) feet in an R-3 or R-4 District.
"3. Six (6) feet in an R-5 District.
Except that if there are two or more then existing buildings within the same block front, no building or structure shall extend nearer any street line than the average alignment of such then existing buildings, but in no case need set back more than twenty (20) feet.
"These provisions shall not require any building or structure to set back farther from any street line than the setback of that one of two then existing buildings on immediately adjacent lots and within the same district which is farthest from such street line.
"(b) On a corner lot in any residence district, each story or part of a building, exclusive of cornices or a one-story open or glass-enclosed porch, shall set back from the side street line the same distance as required from the front street line; except that if the lot is less than fifty (50) feet in width or eighty (80) feet in depth it need not set back more than five (5) feet from the side street line."
The property of the defendants Soltz is in an R-3 district and therefore is required to have a minimum set back from the street line of 12 feet unless conditions exist which bring the situation within the exception to Section 10 (a) hereinbefore set forth. Prior to the making of the additions under the disputed permit the Soltz property set back was 19.84 feet. The three properties to the south fronting on South Oxford Terrace had set backs of 16.96, 16.90 and .05 feet respectively. The average set back of these four properties was figured at 13.44 feet and since the proposed alterations to the Soltz property brought it 13.95 feet back from the street line, the Board of Adjustment held that there was no violation of Section 10 and denied the appeal.
Plaintiffs' first point is that the Board of Adjustment erred in construing the term "block front". They contend that the term means the four streets which bound the block or square within which 101 South Oxford Avenue is situated; in this case Suffolk, Atlantic, Oxford Avenues and the Boardwalk. While counsel have been unable to direct our attention to any case defining the term "block front", the defendants cite from Olean v. Conkling,283 N.Y.S. 66: "In a technical sense the word `block' may and often does designate a territory called a `square block', but is also commonly used to designate that *Page 14 
section of a square block, so called, fronting on a street between two intersecting streets.
"The word `block' was equivalent to the word `portion', meaning front portion, and did not refer to a `square block', meaning territory bounded by four streets."
We hold that "block front" as used in this ordinance includes only the property that is located along and fronts on the particular street.
Plaintiffs next argue that the Board of Adjustment erred in not including the "Edge" property in calculating the permissible set back for 101 South Oxford Avenue. We perceive no error in this. In the first place although the "Edge" house has an entrance on South Oxford Avenue, it fronts on the Boardwalk. More important is the fact that it is in a different zone. The legislature has expressly authorized the municipality to establish different zones. R.S. 40:55-31 reads: "For any or all of said purposes the governing body or board of public works may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this article, and it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings or other structures within such districts.
"All such regulations shall be uniform for each class or kind of buildings or other structures throughout each district, but the regulations in one district may differ from those in other districts."
This section expressly authorizes the setting up of different zones. One of the fundamental theories of zoning is to place all owners in the same zone on the same footing. Conaway v. AtlanticCity, 107 N.J.L. 404 (Sup.Ct. 1931). We do not think it was within the intent of the zoning statute that conditions in one type of zone should be used as a yardstick in determining what may or may not be done in a different type of zone. In other words, we think that what may or may not be done with any structure in any given zone must be determined by conditions existing within the particular zone in which the structure is located.
 For the reasons stated the decision under appeal is affirmed. *Page 15