28 N.J. Super. 299 (1953)
100 A.2d 563
WALTER F. DEVINE, PLAINTIFF,
v.
TOWNSHIP OF MANTUA, COUNTY OF GLOUCESTER AND STATE OF NEW JERSEY, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 13, 1953.
*301 Mr. Albert J. Scarduzio, attorney for the plaintiff.
Mr. Milton L. Silver, attorney for the defendant.
WOODS, J.S.C.
The plaintiff is the equitable owner, under an agreement of sale, of a tract of land situate in the Township of Mantua on which he has parked a trailer which he owns and occupies as a home. He holds a license issued by the Motor Vehicle Department for said trailer and he has paid the required license fees as provided for in an ordinance adopted by the Township of Mantua on November 13, 1951 and amended July 9, 1952. This ordinance was passed for the purpose of defining, regulating and licensing trailers and camp cars and trailer camps and camp parks. We quote the sections of the ordinance which are pertinent to the regulation and licensing of individual trailers:
"Section 1. Definition of a trailer. For the purpose of this Ordinance, a trailer or camp car is defined to be any vehicle, whether self-propelled or otherwise, used or intended to be used as a conveyance upon the public streets or highways, whether licensed as such or not, and so designed, constructed, reconstructed or added to by means of accessories or otherwise in such manner as to permit the occupancy thereof as a permanent or temporary dwelling or sleeping place for one or more persons, and having no foundation other than wheels, jacks or skirtings so arranged as to be integral with or portable by said trailer or camp car.

* * * * * * * *
*302 Section 3. Regulations for Trailers. The following regulations shall apply to all trailers:
a. No more than one (1) family shall reside in any one (1) trailer.
b. Trailer must be equipped with proper toilet facilities, and adequate bathing and laundry facilities; must make provisions for adequate water supply; garbage and waste disposal; and must be equipped with adequate fire extinguisher of a standard accepted brand of manufacture. Requirement as to bathing and laundry and water supply facilities shall not apply when trailer is parked in trailer camp where these facilities must be furnished by the owner of camp as provided for in Section 4.
c. Trailers must be parked at least fifteen (15) feet from the nearest trailer, building or structure.
d. Permanent foundations may not be constructed under trailers as trailers do not meet the requirements of the Township Building Code as to the method of construction for homes and as to minimum floor area required of one-family dwelling units.

* * * * * * * *
Section 7. Trailer Stored on Premises of Owner. The parking or storing of a trailer on the premises of the owner shall be permitted without a license if such trailer is not used as living or sleeping accommodations.
Section 8. Repairs and Storage. A trailer may be brought into the Township for repairs or storage without license provided it is left with a public garage for that purpose and also providing it is not used as living or sleeping quarters while undergoing repairs or while stored.
Section 9 [as amended]. Fees. It shall be unlawful to park a trailer or operate a trailer camp unless a license has been obtained. The following fees shall be charged for licenses to use trailers and to operate trailer camps:
a. For each separate trailer, the license fee shall be $70.00 per year or $7.00 per month or fraction thereof. When trailer is parked in trailer camp, owner or manager shall collect the monthly fee and remit it to the Township Clerk on the first day of each month. No fee required for the first week."
Defendant alleges that the ordinance was adopted pursuant to the authority granted it by the Legislature by R.S. 40:52-1 (d), which we quote:
"Power to license: The governing body may make, amend, repeal and enforce ordinances to license and regulate:

* * * * * * * *
"d. Hotels, boarding houses, lodging and rooming houses, trailer camps and camp sites, and all other places and buildings used for sleeping and lodging purposes, restaurants and all other eating places, and the keepers thereof; * * *."
*303 The defendant argues that its ordinance "merely attempts to license and regulate individual trailers as well as trailer camps." It declares this regulation "is necessary because all of the trailers in the defendant township are parked upon separate lots the ownership of which is in the owner of the trailer," and "since most of the trailers in the township are in the same vicinity, they thereby present health and police problems."
But the plaintiff contends that by this act the Legislature did not confer upon municipalities the power to license and regulate individual trailers and camp cars and, therefore, the ordinance and the amendment thereto insofar as they pertain to individual trailers is illegal and void and that the plaintiff is entitled to a refund of all fees paid by him to the township.
We must agree with the plaintiff and conclude that there was no intention on the part of the Legislature to grant any municipality the power to regulate and license individual trailers occupied as a one-family dwelling and parked on real estate of the owner of the trailer under R.S. 40:52-1 (d). This act provides purely and plainly for the regulation and licensing of businesses and public sleeping, lodging and eating places where regulation is a necessity in order to protect and promote the health, safety, morals and general welfare of the community. The municipality has no authority under this statute to license the owners of individual trailers parked on the owner's land, not affected with a public interest, nor clothed with a public use. To do so would be to impose unreasonable and unnecessary discrimination against them.
"It is well settled that all personal and property rights are held subject to the reasonable exercise of the reserve element of sovereignty termed the `police power.' State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504, 519, 179 A. 116; Hourigan v. Township of North Bergen, 113 N.J.L. 143, 172 A. 193." Ross v. Mayor, and Council of Borough of Edgewater, 115 N.J.L. 477, 180 A. 866, affirmed 116 N.J.L. 447, 184 A. 810. *304 But, "the power to license and to levy fees therefor is not inherent in local agencies exercising by delegation a portion of the State's police power and in the absence of statutory grant does not exist in a municipal corporation * * *." See Zullo v. Board of Health of Woodbridge Tp., 9 N.J. 431, 437 (1952) citing Edwards v. Mayor, etc. of Borough of Moonachie, 3 N.J. 17, 21 (1949), and cases cited therein:
"The power to levy license fees, either as a police regulation or for revenue, is not inherent in municipal corporations; and an ordinance to either end without a statutory grant of power is ultra vires the municipality and void."
Therefore, while it cannot be questioned but that the defendant municipality has the authority to impose limitations upon the use and employment of private property under its inherent police power to promote the safety, health, morals and general welfare of a community and also under the specific authority granted under R.S. 40:48-2, as well as by virtue of the zoning provisions in our Constitution and the "ancillary statutes and ordinances passed thereunder," Duffcon Concrete Products, Inc. v. Borough of Cresskill, 137 N.J.L. 81, 58 A.2d 104 (Sup. Ct. 1948); Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183, 147 A. 555 (E. & A. 1929); French v. Cooper, 133 N.J.L. 246, 43 A.2d 880 (Sup. Ct. 1945), we conclude that sections 1, 3, 7, 8 and 9 (a) of the ordinance in question, insofar as they apply to the privately owned trailer placed on the land of the owner, are an ultra vires attempt by the municipality to regulate by licensing. "The real difficulty in the present case is that no attempt has been made by the Borough [township] to adopt a regulation reasonably calculated to meet the problem as thus stated" (Borough of Point Pleasant Beach v. Point Pleasant Pavilion, 3 N.J. Super. 222, 226 (App. Div. 1949), namely "that all of the trailers in the defendant township are parked upon separate lots the ownership of which is the owner of the trailer" and are all situate "in the same vicinity, and thereby present health and police problems." See Mr. Justice Heher's remarks in New Jersey Good Humor, Inc. v. Bradley Beach, 124 N.J.L. 162, at page 168 (E. & A. 1940):
*305 "The restraints and regulations imposed for the general good and welfare must needs have the virtue of reasonableness. There cannot be, in the name of police regulation, an unreasonable and oppressive curtailment of personal or property rights. A measure that goes fairly beyond the public need designed to be served does not take the category of a valid police regulation. While the term `need,' as so used, is not strictly defined, the relief sought must come within the compass of a reasonable requirement for the common good and welfare. Hourigan v. Township of North Bergen, 113 N.J.L. 143; Mansfield & Swett, Inc. v. [Town of] West Orange [120 N.J.L. 145, 154 (Sup. Ct. 1938)]."
We are deciding this matter only on the question of the right of the municipality to license and not on its right to regulate in such cases. The ordinance and the amendment thereto is illegal and void insofar as it attempts to license a trailer and the owner thereof who uses the same for sleeping and eating purposes while parked on his own property.
We do not say that the township, by its assessment authority, cannot levy a personal property tax on the trailer for revenue purposes, but to attain this objective under the guise of licensing a trailer is not consonant with the spirit and design of the statute. In the instance before this court, the design appears to be to prohibit occupancy of trailers rather than to regulate the use.
The court concludes:
1. That the Legislature by R.S. 40:52-1 (d) has not granted the power to license and to regulate individual trailers and camp cars, and that the ordinance and amendment thereto before this court are void and illegal insofar as such provisions pertain to individual trailers and camp cars;
(2) That the ordinance and amendment thereto insofar as they affect this plaintiff are violative of both the Federal and State Constitutions, in that they are unreasonable, discriminatory and oppressive;
(3) That the plaintiff is entitled to a refund of all fees paid by him to the Township of Mantua under the right asserted by the defendant.