60 N.J. Super. 419 (1960)
159 A.2d 468
BOROUGH OF MOUNTAIN LAKES, PLAINTIFF,
v.
HENRY J. MOLA, DEFENDANT.
Superior Court of New Jersey, Morris County Court, Law Division.
Decided March 18, 1960.
*420 Messrs. Jeffers, Mountain & Franklin (Mr. Sidney G. Dillon, appearing), attorneys for the plaintiff.
Mr. Benjamin Yanowsky (Mr. Robert B. Cooperman, appearing), attorney for the defendant.
MILLS, J.C.C.
The building inspector of the plaintiff borough filed a complaint against the defendant alleging that the defendant did on September 8, 1959 violate section III of the zoning ordinance of the borough in that he parked or permitted the parking of a commercial vehicle (a red and green one-half ton 1951 International pickup truck, N.J. license No. XKU 590) in the driveway of his premises at 5 Rainbow Trail as not one of the uses permitted in residence zone B. Defendant was found guilty of the violation of said ordinance and appeals to the County Court.
The parties to the action filed a joint stipulation of the statement of facts which are as follows:
"Defendant Henry J. Mola resides at 5 Rainbow Trail which is a street in a residential zone of the Borough of Mountain Lakes in Morris County. Mr. Mola is the owner of a red and green one-half ton pickup truck which has been used by Mr. Mola in the past to go to work in the morning and return home at night and for business purposes during the day when Mr. Mola is away from the premises. No allegation is made that Mr. Mola conducts any business from his residence at 5 Rainbow Trail.
"On September 16, 1959, the Building Inspector of the Borough of Mountain Lakes issued a summons and complaint charging the defendant with a violation of Section III of the Consolidated Zoning Ordinances of the Borough of Mountain Lakes in that he parked the pickup truck above *421 described in the driveway of his residence at 5 Rainbow Trail in said Borough on September 8, 1959.
"This matter came on for a hearing in the Municipal Court of the Borough of Mountain Lakes on November 4, 1959, before the magistrate who received the plea of `not guilty' from the defendant and entered same. The actual parking of the one-half ton pickup truck in the driveway of his residence at the close of the day on September 8, 1959, is admitted by the defendant.
"It is further stipulated that the following quotations are true and correct copies of the pertinent portions of the zoning ordinances in effect at the time of the alleged violation:

"`SECTION III  Use Regulations Controlling Residence Zones
In a residence zone no building or land shall be used and no building or structure shall be erected, constructed, reconstructed, altered or repaired which is arranged, intended or designed for any use or occupancy except for the following:
1. Single-family dwelling.
2. Churches.
3. Schools, playgrounds, libraries or public museums.
4. Clubs, except clubs the chief activity of which is a service carried on as a business.
5. When permitted by the Board of Adjustment, philanthropic or eleemosynary uses or institutions, hospitals and sanitariums, provided that correctional institutions, asylums for the insane, and hospitals for infectious and contagious diseases shall in no case be permitted.
6. Municipal buildings or municipal parking areas.
7. Railroad passenger stations, or postoffices.
8. Farms, truck gardens, or nurseries in "B" residence zone only.
9. Office for a physician, surgeon, dentist, lawyer, architect, accountant, professional engineer, realtor, dressmaker, artist or musician, when such office is situated in the same building used by such physician, surgeon, dentist, lawyer, architect, accountant, professional engineer, realtor, dressmaker, artist or musician as his or her private dwelling.
10. Accessory uses customarily incident to the above uses.
(a) Such accessory uses shall include garages, tool houses, pergolas, boat houses, green houses, play houses, guest houses, and quarters for domestic servants employed upon the premises, provided such structures are accessory to a dwelling on the same lot.
(b) An accessory structure specified in (a) above may not be erected without a building permit, which permit shall not be issued *422 unless a permit for the dwelling to which it is accessory shall have been issued, and no accessory structure may be used until the dwelling to which it is accessory is occupied.
(c) No garage shall be permitted as an accessory use except:
(1) for the private use of the occupant of the dwelling and only for the housing of pleasure cars, and
(2) for the housing of not more than two commercial motor vehicles when permitted by the Board of Adjustment. * * *'"
The defendant argues that the use of the premises as made by him (i.e., the parking of the pickup truck above described) is not prohibited by the zoning ordinance above quoted and is an accessory use incidental to the primary use of the premises and therefore permissible under section III of the ordinance above quoted. He further argues that if the zoning ordinance does prohibit the defendant from the use of the property as set forth in the complaint, then the ordinance is unconstitutional in so far as it prohibits the said use by the defendant. The plaintiff argues that the zoning ordinance prohibits the parking of a commercial vehicle in a residence zone and that the borough has the constitutional power in the protection of public welfare to restrict such parking in a residential zone.
The defendant's premises are located in a residence zone B controlled by section III of the ordinance above quoted. It applies to building as well as land. Its primary use is single-family dwelling. From a reading of the above ordinance, subsection 10 permits accessory uses customarily incident to the above use and sets forth accessory structures which may be erected. It will be observed from reading the ordinance that there is no prohibition of the parking of a commercial vehicle in the residence district set forth in section III above. Plaintiff argues that clause (c) of subsection 10 of section III controls. Clause (c) pertains to the permitted uses of a garage as an accessory use and provides for the housing of not more than two commercial motor vehicles when permitted by the board of adjustment. The complaint against the defendant is for the parking of a commercial vehicle.
*423 Plaintiff claims that by implication such parking is not permissible and argues that the ordinance should be liberally construed to imply such a restriction. Although municipal ordinances by the enactment of the Constitution of 1947 shall be liberally construed in favor of the municipality, the court should not write a new ordinance or impose its judgment based on its intention without the intention's being clearly set forth.
The question, therefore, resolves itself down to the fundamental question as to whether or not the parking complained of is an accessory use under section III of the ordinance. Accessory uses involve two concepts: the one where the ordinance specifically provides for the right of a professional man or home occupations, or the other where there is no specific provision in the ordinance and the question is whether or not the principal use as a matter of custom carries with it an incidental use so that as a matter of law it would be deemed that the legislative intent was to include it. See 1 Rathkoff, Law of Zoning and Planning (3d ed. 1959), p. 73. An accessory use has been defined as one customarily incident to the principal use and so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it. Zahon v. Newark Board of Adjustment, 45 N.J. Super. 516, 522 (App. Div. 1957).
The facts of the matter before the court clearly indicate that no commercial use was made by the defendant of his premises for any business. The stipulation of facts clearly sets forth, as well as the complaint, a simple charge of parking or permitting the parking of a commercial vehicle in the driveway of the premises. The court finds and determines that from the admitted fact that the defendant used this commercial vehicle to go to work in the morning and return home at night, its parking was an incident to the permitted use of a single-family residence.
Counsel for the defendant may submit judgment dismissing the complaint in accordance with this opinion.