85 N.J. Super. 428 (1964)
205 A.2d 65
TOWNSHIP OF LIVINGSTON, PLAINTIFF-RESPONDENT,
v.
ALFRED MARCHEV AND ANN MARCHEV, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1964.
Decided November 30, 1964.
*430 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. James T. Dowd argued the cause for appellants (Messrs. Dowd & Dowd, attorneys).
Mr. Ralph A. Yacavino argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
Defendants Alfred Marchev and Ann Marchev, husband and wife, were convicted in the Municipal Court of the Township of Livingston on two charges: on complaint of the township manager for violation of ordinance No. 46 prohibiting, subject to stated exceptions, the parking of trailers within the municipality; and on complaint of the zoning officer for violation of the local zoning ordinance. They were consolidated for trial.
On appeal to the County Court, and after a trial de novo on the stenographic record, the convictions were affirmed. A reversal of the trial court's determinations is urged before us for three reasons: (1) the prohibitory ordinance is invalid as arbitrary, capricious and unreasonable, and it exceeds the general regulatory powers of the municipality; (2) the parking of a trailer adjacent to a one-family residential dwelling is a permitted accessory use under the local zoning ordinance; and (3) the prosecution failed to prove beyond a reasonable doubt each of the elements of the offenses charged. At oral argument this third point was abandoned.
Succinctly stated, the facts are: Defendants reside in a one-family dwelling at 96 Belmont Drive in an "R-4" residence *431 district of the Township of Livingston. In October 1962 they purchased a camp trailer, described by the zoning officer as "a small house trailer." It is a mobile unit, but not self-propelled, with a trailer hitch for attachment to an automobile. The facility is approximately seven feet long, six feet wide and six feet high; it is self-containing for camping, with sleeping accommodations, a sink and cooking equipment.
The Marchevs' use of their trailer was principally for camping over weekends, and it was only utilized for living purposes when they were away from home on recreational trips. When at home the trailer was generally parked or stored near their house on Belmont Drive. The building inspector testified, "It was parked alongside of the house. * * * Well, roughly it was back about three or four feet from the front of the house on the side of the house. * * * It has been there for quite some time." Defendants had been notified by the zoning officer, in person and by letter, to remove their parked vehicle.
AS TO ORDINANCE NO. 46. It is entitled "An Ordinance defining trailers or camp cars and prohibiting the parking or placing of the same within the limits of the Township of Livingston." The proscriptive language is coupled with an exception. We quote:
"It shall be unlawful for any person to park any trailer or camp car on any street in the Township of Livingston or on any premises within the limits of the Township except for the purpose of repair or storage. Any such trailer or camp car undergoing repairs or being stored shall be kept within a building and shall not during such period of repairs or storage be used by person as a dwelling or sleeping place." (Section 2)
That the camping unit in question is a "trailer" within the definition of that word set forth in said ordinance is not controverted. The complaint against the Marchevs was predicated upon a violation of the ordinance in that their camp trailer was stored on their premises in the township but not "within a building."
While defendants concede that municipalities may by ordinances regulate trailer camps, camp sites and trailer residences, *432 they cite Morris v. Elk Tp., 40 N.J. Super. 34 (Law Div. 1956), and Devine v. Mantua Tp., 28 N.J. Super. 299 (Law Div. 1953), for the proposition that such ordinances are ultra vires and unconstitutional where they are applied to an individual trailer used as a dwelling upon a lot owned or leased by the owner of a trailer. Thus they argue, "how can it be within police power to regulate the mere parking or storage of a trailer not used as a dwelling? It follows that this also is ultra vires." The answer is two-fold.
First: The allegedly supportive cases are factually distinguishable and legally not applicable, for they dealt with the licensing power of municipalities under N.J.S.A. 40:52-1 (d). In Devine the court noted expressly, "We are deciding this matter only on the question of the right of the municipality to license and not on its right to regulate in such cases." 28 N.J. Super., at p. 305. We have also examined the Pennsylvania decisions to which we were cited by defendants, and we find them not pertinent since they involve different legislative material.
Second: The Livingston Ordinance was enacted pursuant to the broad and comprehensive provisions of R.S. 40:48-2 (source L. 1917, c. 152, sec. 2, p. 357) which permit a municipality to adopt ordinances for the protection of persons and property and for the preservation of the public health, safety and welfare of the municipality and its inhabitants. Liberal construction thereof is made mandatory by our Constitution of 1947 (Art. IV, Sec. VII, par. 11), and there attaches to such an ordinance a presumption of validity not to be overcome unless the evidence clearly establishes its unreasonableness. Vickers v. Tp. Com. of Gloucester Tp., 37 N.J. 232, 242 (1962). The judiciary does not pass upon the wisdom of a municipal ordinance, nor does it nullify decisions of a governing body on the subject of local welfare merely because a debatable issue is presented. Ibid. Note also Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 416 (1952); Cunningham, "Control of Land Use in New Jersey by Means of Zoning," 14 Rutgers L. Rev. 37, 47-48 (1959). *433 It is apparent that the statutory grant of police powers to municipalities encompasses the authority to enact regulatory ordinances for the protection and preservation of property values affecting the general welfare of the community. See Fred v. Mayor, etc., of Old Tappan, 10 N.J. 515, 521 (1952).
Moreover, current authorities recognize neighborhood aesthetics to be integrally bound to property values and to be relevant considerations in zoning when they bear in a substantial way upon land utilization. United Advertising Corp. v. Borough of Metuchen, 42 N.J. 1, 6 (1964); Vickers v. Tp. Com. of Gloucester Tp., supra, 37 N.J., at pp. 247-248; N.Y. Central R.R. v. Borough of Ridgefield, 84 N.J. Super. 85, 93 (App. Div. 1964). Vide "Zoning, Aesthetics, and the First Amendment," 64 Colum. L. Rev. 81 (1964); Agnor, "Beauty Begins a Comeback: Aesthetic Considerations in Zoning," 11 J. Pub. L. 260 (1962). Municipal zoning legislation is one branch of the State's broad regulatory police power. Schmidt v. Board of Adjustment, Newark, supra, 9 N.J., at p. 414. Thus, if an objectionable use, such as here involved, may be prohibited under the zoning statute, a fortiori it may be barred by the municipality under the statute vesting it with general regulatory police power. See R.S. 40:48-2; Napierkowski v. Gloucester Tp., 29 N.J. 481, 496 (1959); Fred v. Mayor, etc., of Old Tappan, supra, 10 N.J., at pp. 520-521.
Defendants in their brief pose an example as to how the ordinance in the instant case might be unconstitutionally applied to one, such as a transient traveler, who temporarily parks a trailer within the township. We are not here concerned with such a situation. The accused continued the outdoor storage of their vehicle in violation of a municipal regulation with which they were in a position to comply by simply storing the camp trailer in their garage. "An ordinance that may operate reasonably in some circumstances, and unreasonably in others, is not void in toto, but is enforceable except where in the particular circumstances its operation would be unreasonable and oppressive." Vine v. Board of Adjustment *434 of Ridgewood, 136 N.J.L. 416, 418 (Sup. Ct. 1947). See also 2 Sutherland Statutory Construction (3d ed. Horack, 1943), sec. 4509, p. 326.
The ordinance under review is aimed at preventing unsightly appearances and diminution of property values which attend the outdoor parking or open-air storage of trailers in a residential area of the community. The reasonableness of the prohibitory enactment is evidenced by the provision which permits the storing of trailers "within a building." Defendants were not deprived of a right to own a trailer or to store it on their premises; they were only restricted from indulging in a use that would impinge upon the rights of other property owners. The township ordinance No. 46 is the product of a valid exercise of municipal power and as applied to defendants is not unconstitutional.
AS TO THE ZONING ORDINANCE. The "R-4" residence district was designed for one-family dwellings, and the accessorial uses were broadly defined as those "customarily incident to such single family residential use * * *." We here emphasize that the question involved as to this phase of the case is whether the open-air parking or storage of a trailer is a permitted accessorial residential use under the Livingston zoning ordinance. No question is presented as to whether the keeping of a trailer in a closed garage (except when in actual use) would constitute such accessorial residential use.
It is not disputed that the allowance of a primary use generally authorizes all uses normally accessory, auxiliary or incidental thereto. Zahn v. Newark Board of Adjustment, 45 N.J. Super. 516, 521-522 (App. Div. 1957); Borough of Northvale v. Blundo, 85 N.J. Super. 56, 59-60 (App. Div. 1964); 1 Rathkopf, Law of Zoning and Planning (3d ed. 1960), pp. 23-4, 5.
It was emphasized, however, in Skinner v. Zoning Bd. of Adjust., Cherry Hill Tp., 80 N.J. Super. 380 (App. Div. 1963), that accessory uses are not without their limitations. In that controversy, although the erection of a radio tower and antenna on premises in a residence zone for use by an *435 amateur as a hobby was held to have been an accessory use "customarily incidental" to the enjoyment of his residential property, the opinion of the court concluded with the admonition "that plaintiff [the hobbyist] must comply with the setback provisions of the zoning ordinance and the local building code * * *." Id., at p. 392.
Defendants maintain that the parking of a camp trailer adjacent to their home involved a permissible right incident to a family hobby or recreational activity and therefore it was a valid accessory use. In their brief it is argued that the holding in Borough of Chatham v. Donaldson, 69 N.J. Super. 277 (App. Div. 1961), is "precisely in point." Donaldson, in that case, was convicted of parking four automobiles in the driveway of a residential property in contravention of the borough's zoning ordinance. This court, in reversing the conviction, pointed out that an accessory use has been defined as one "customarily incident to the principal use and so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it." 69 N.J. Super. at p. 282. We then observed that the maintenance of a family home includes uses for private religious, educational, cultural and recreational activities. Also, that the pursuit of a hobby is customarily a part of recreational activity. But we cautioned:
"As long as the pursuit thereof is not of such a nature, or to such an extent, as to impair the residential character of the neighborhood, it cannot be supposed a zoning ordinance was intended to prevent it." Ibid.
The Chatham ordinance provided for private garages, in residential districts, large enough to accommodate three cars. The parking of one or two extra automobiles did not impair the residential character of the district in which Donaldson lived. That case is factually inapposite to the matter at bar. There is an obvious and vast distinction, in terms of vehicular parking in a residential community, between the commonplace automobile and a camp trailer.
*436 Recently, in the Borough of Northvale v. Blundo case, supra, this court had the occasion to again consider the subject of "accessory uses." We affirmed the conviction of defendant Blundo for the violation of a local zoning ordinance in that he parked a commercial vehicle at night in the driveway of his residential home instead of in a garage, saying:
"It was not such a use as one could reasonably say was customarily incidental to the residential use, nor one so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it." 85 N.J. Super., at p. 60.
Blundo overruled the conclusion reached in the earlier case of Borough of Mountain Lakes v. Mola, 60 N.J. Super. 419 (Cty. Ct. 1960), wherein the parking of a red and green halfton pickup truck in the driveway of defendant's residence was held to be an accessory use.
The record here clearly demonstrates that defendants used their camp trailer on trips away from Livingston and that, while at home, it was not parked or stored within a building as permitted but, rather, was parked or stored in a manner intended to be prevented by the local ordinances. Such was not an "accessory use."
There was a violation of each of the two ordinances as charged, and the evidence sustains the convictions.
Affirmed.