86 N.J. Super. 189 (1965)
206 A.2d 372
BOULEVARD APARTMENTS, INC., SKYLINE APARTMENTS, INC., GRAND VIEW GARDENS, INC., ALL CORPORATIONS OF THE STATE OF NEW JERSEY, AND SAMUEL A. ZUCKER, PLAINTIFFS,
v.
BOROUGH OF HASBROUCK HEIGHTS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 6, 1965.
*191 Mr. Herbert C. Klein for plaintiffs (Messrs. Krieger & Klein, attorneys).
Mr. Ralph W. Chandless for defendant (Messrs. Chandless, Weller & Kramer, attorneys).
SCHNEIDER, J.C.C. (temporarily assigned).
Plaintiffs move for summary judgment. Their action is in lieu of prerogative writs to review part of ordinance No. 893 passed by the governing body of Hasbrouck Heights, Bergen County, which ordinance seeks to license apartment houses and other dwelling units and to secure a substantial license fee.
Plaintiffs are owners of apartment houses and multiple dwellings in Hasbrouck Heights. For some years a tax battle has raged between the municipality and the apartment house owners. The fight started when the owners appealed their 1960 tax assessments to the Bergen County Board of Taxation and obtained a one-third reduction. Hasbrouck Heights appealed to the Superior Court. The appeal was dismissed on jurisdictional grounds. On further appeal the Appellate Division affirmed. There followed an appeal to the Division of Tax Appeals, which affirmed. Appeal to the Appellate Division resulted in an affirmance. The Supreme Court denied certification.
The 1961 and 1962 tax assessments were again put back to their original amount, with appeals to the county tax board and Division of Tax Appeals resulting in the taxes again being reduced. These determinations were certified by the Supreme Court and the reductions sustained. The 1963 and 1964 assessments were again put at the original amount and reduced on appeal. These assessments are before the State Board of Tax Appeals at the present time.
On June 1, 1964 ordinance No. 893 was adopted by Hasbrouck Heights, and on July 6, 1964 amended. The ordinance is intended to regulate places and buildings used for sleeping and lodging purposes in order to alleviate congestion and prevent slum areas, and to license such places. No property may be used as a hotel-motel, rooming unit, dwelling unit or *192 building used for sleeping purposes without getting a license. Under section 10 the license fee for hotel-motels is $100 per sleeping unit; rooming units, $100 per unit, and dwelling units, $50 for each unit more than two. It is estimated that the license fee for apartment houses will bring in about $33,000, equivalent to the amount lost when the assessments were reduced. The ordinance contains a penalty clause of a $200 fine or 90 days imprisonment, or both, for each day of violation.
Plaintiffs contend the ordinance requirement of a license, as well as the license fee, are illegal as applied to apartment houses. These structures all have regular apartments, with rentals on term or monthly basis. None has overnight rentals.
The deposition of the mayor was made part of the motion record. He stated that "the effect of the ordinance is to get a fair payment for the services rendered for multiple family dwellings." Later he agreed that "this ordinance does not require the borough to render any additional services or expend any additional money." The purpose of this ordinance, he said, is to have owners of multiple-family dwellings, numbering 22, to pay their fair share of the cost of government. Other testimony by the mayor and the borough clerk clearly shows that the ordinance was passed for tax revenue and not merely regulation of apartment houses.
Under what authority and under what circumstances can a license against apartment houses be justified? These properties have already been taxed under general taxation statutes. The reduction in assessments by the designated tax boards must be accepted as the proper amount permitted under general taxing power, especially since these reduced amounts have been sustained by full appellate procedure.
The municipality is a creature of the State and has only those powers specifically granted or as may reasonably be inferred from statutory legislative authority. The only way to sustain the license tax in question would be under a valid exercise of the police power. R.S. 40:48-2 provides that a municipality may make any ordinance it may deem necessary and *193 proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants. Moyant v. Borough of Paramus, 30 N.J. 528 (1959), shows that the ordinance must be designed to protect and promote the health, safety, morals and general welfare of the community. Such an ordinance under general licensing power may not be used to produce general revenue and must be limited to the actual cost of regulation. The present ordinance is obviously intended as a revenue measure and cannot come under the licensing power.
N.J.S.A. 40:52-1 permits the governing body of a municipality to adopt ordinances licensing and regulating in certain specific situations. The statute contains the right to license and regulate hotels and boarding houses, lodging and rooming houses, trailer camps and camp sites, and all other places and buildings used for sleeping and lodging purposes, restaurants and all other eating places, and the keepers therein.
May we say that this statute would give the right to license and regulate an apartment house? In the case of Edwards v. Mayor, etc., of Moonachie, 3 N.J. 17 (1947), the question arose as to whether trailer camps could be included under this statute, prior to its being amended to include trailer camps. The Supreme Court permitted the inclusion, under the rule of ejusdem generis. Under this rule, associated words and phrases may be looked to for the significance of doubtful words, and where general words follow particular words, the general words are construed to embrace only objects similar in nature to the specific words.
We do not consider an apartment house to be in the same general or specific class as a hotel, boarding house, lodging or rooming house. These are commercial businesses requiring regulation for the safety, health and morals of the community. An apartment house, where unfurnished apartments are rented for a term, without overnight or transient business, is in the same category as a private or two- or three-family residence.
*194 In Devine v. Mantua Tp., 28 N.J. Super. 299 (Law Div. 1953), the court stated:
"This act provides purely and plainly for the regulation and licensing of businesses and public sleeping, lodging and eating places where regulation is a necessity in order to protect and promote the health, safety, morals and general welfare of the community." (at p. 303)
As stated before, we believe the purpose of the ordinance to be a method of replacing revenue lost on tax appeals. It is admitted that no additional services will be furnished and no additional expenditures incurred or contemplated. It is obvious that the license fee in this case is far in excess of the need for regulation. In Salomon v. Jersey City, 12 N.J. 379 (1953), an attempt was made to license and regulate retail establishments and commercial business. The court set the ordinance aside and held that the purpose of the Legislature was to authorize municipalities to license and regulate, as police measures, the health, safety, morals or welfare, and only incidentally to impose license fees. See also Daniels v. Borough of Point Pleasant, 23 N.J. 357 (1957), where an ordinance increasing fees for building permits was held invalid because they bore no reasonable relation to the cost of regulation.
Section 7 of the ordinance requires a resident custodian in each of the licensed premises. We find this unnecessary and burdensome as to apartment houses. There are no facts shown to create a need therefor.
We are cognizant that the statute, N.J.S.A. 40:52-1(d), contains the words "all other places and buildings used for sleeping and lodging purposes." We do not consider apartment houses to be in that category.
We therefore determine that there is no statutory authority for the imposition of a revenue-producing license fee, and that even if authority be found, the fee is excessive with regard to the need for regulation or the protection of the community.
Summary judgment is granted in favor of the plaintiffs.