69 N.J. Super. 277 (1961)
174 A.2d 213
BOROUGH OF CHATHAM, PLAINTIFF-RESPONDENT,
v.
JOHN S. DONALDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1961.
Decided October 13, 1961.
*278 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Charles Egan, Jr., argued the cause for appellant (Messrs. Egan, O'Donnell & Hanley, attorneys).
Mr. R. Wayne Stickel argued the cause for respondent (Mr. Carl A. Frahn, of counsel).
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
Appellant appeals from a conviction in the Morris County Court. Originally, he was convicted in the Municipal Court of the Borough of Chatham of a violation of the borough's zoning ordinance. Thereafter, he appealed to said County Court wherein, upon a trial de novo, the conviction was affirmed.
The original complaint charged that:
"* * * John S. Donaldson residing at #48 Hedges Avenue, Chatham, New Jersey, on June 22, 1960, in the Borough of Chatham, * * * did on the date stated and for sometime prior thereto, use or suffer to be used land and buildings located at and known as #48 Hedges Avenue, Chatham, * * * owned and occupied by him, for the accumulation and storage of motor vehicles and/or for the repair, dismantling and sale of the same or parts thereof contrary to Article 4, Section 420 of `An Ordinance to Limit and Restrict to Specified Districts or Zones and to Regulate Therein Land, Buildings and Structures, According to Their Construction, and the Nature and Extent of Their Use, in the Borough of Chatham, New Jersey' * * *."
*279 The pertinent parts of the ordinance provide:

"Section 201.
(2) Accessory Use: Use of a building, lot or portions thereof, which use is customarily incidental and subordinate to the principal use of the main building or lot, * * *." (Emphasis added)

"Section 207.
(1) Garage, Private: A building designed for the storage of not more than three passenger motor vehicles, * * *."

"Section 420. Residence R2 Single-Family Districts.
A. Use: In Residence R2 Districts no land, building or structure shall be used, and no building structure shall be erected or altered to be used for any purpose other than:
(1) A single-family dwelling and its customary accessory uses and buildings.

* * * * * * * *"

"Section 601. Commercial M1 Districts.
(c) The following types of uses shall be prohibited:

* * * * * * * *
(8) Storage * * * of second-hand motor vehicles, * * * except in enclosed buildings or in a yard approved by the Board of Adjustment in accordance with subsection (a), hereinabove, and Section 701."
The appellant's property, consisting of a house and a private garage, was located in residence zone R2, upon a lot 100 feet wide by 200 feet deep. Part of this lot consisted of a long driveway with a turn-around space. Contiguous to said lot there was vacant land or woods with small trees and grass growing thereon.
The borough offered two witnesses to prove its case. Both testified that appellant for some period of time had stored four old or used, unlicensed automobiles at or on his driveway, near his garage, at a point some 60 feet to the rear of the street fronting said premises; these being in addition to another automobile usually used by him and parked in his driveway. One witness testified that each of the four automobiles was rusty, unlicensed, had one or more flat tires, was inoperable, and that two were "smashed in" and damaged. The other testified that two of the four were *280 operable and one had been on the road since the first of the year 1960.
Appellant was the only witness for the defense. He admitted that he owned the four automobiles and that they had been parked in the driveway for some time. He denied that any of them had flat tires or were inoperable. To the contrary, he asserted they were all operable except for certain motor work he was doing on two of them; that two were licensed for the year 1958 and two for the year 1959; that only one was damaged, and this was as a result of an accident which occurred in 1958 while he was using that car on a trip; that as of the date of the trial he had disposed of one of them; that two of the remaining three were licensed for the year 1960 and had passed inspection, and he was working on the third one.
He further testified that he was a science and research engineer associated with the invention of an artificial heart, and that pursuant thereto he drove over 50,000 miles per year on trips to and from various hospitals; that he used these four cars for this purpose, the length of the trip controlling the selection of the car.
He denied that he ever engaged in the sale of used automobiles or parts, or made any profit therefrom, although he admitted he did "experiment" with parts of said cars.
The crux of the complaint against appellant is that he used his lands for the accumulation and storage of motor vehicles and/or for the repair, dismantling and sale of the same or parts thereof, and that this was prohibited in a residential district.
The borough concedes there was no proof to substantiate the second part of the complaint, i.e., "repair, dismantling, and sale," but contends he did use his premises for accumulation and storage of these four automobiles. It argues that this type of use is only permissible in a Commercial M1 district (sec. 601, (c)(8)).
The zoning ordinance of the borough provided for the creation of residential, business and commercial districts *281 and the separation of one from the other. Business, trades and industry are prohibited in the residential districts. Sec. 601, (c)(8) clearly was intended to regulate the business of storing second-hand motor vehicles. Our courts in the context of zoning have defined business as a commercial enterprise for profit. Zahn v. Newark Board of Adjustment, 45 N.J. Super. 516, 520 (App. Div. 1957).
In Lieberman v. Saddle River Twp., 37 N.J. Super. 62, 68 (App. Div. 1955), the court said:
"Two additional reasons augment the request of the plaintiffs for injunctive relief. While we deem them to be without substantiality, we shall briefly allude to them. The one is that the plaintiffs' residential property and the baseball park are situate within a district in which the zoning ordinance prohibits the pursuit of `trades' and `industries.' We do not conceive that the conduct of the games by the Little League in the circumstances was the indulgence in either a trade or an industry within the intended import of the ordinance."
The evidence offered by the borough is devoid of proof that the storage of the four automobiles was part of a commercial enterprise for profit. To the contrary, appellant denied the making of any profit therefrom. The evidence does not support the conclusion that appellant was using his premises for the conducting of a trade or business within the intended import of the ordinance. We therefore conclude that the conviction cannot be supported on that ground.
Appellant further contends that the use he was making of his premises in the storing of the four automobiles was an accessory use thereof and, therefore, a permitted use under the zoning ordinance. The borough challenges this contention and asserts said use exceeded a customary use.
The ordinance permits "customary accessory uses" in residential districts. Sec. 420(A)(1). It defines accessory use as a use which "is customarily incidental and subordinate to the principal use of the main building or lot." Sec. 201(2). The issue herein is not whether the use was incidental *282 and subordinate to the principal use but rather was it "customary." An accessory use has been defined as one customarily incident to the principal use and so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it. Mountain Lakes v. Mola, 60 N.J. Super. 419 (Cty. Ct. 1960); Wright v. Vogt, 7 N.J. 1 (1951).
Use by a family of a home under our customs includes more than simple use of a house and grounds for food and shelter. It also includes its use for private religious, educational, cultural and recreational advantages of the family. 1 Rathkopf, The Law of Zoning and Planning (3d ed. 1960), c. 23, pp. 56 and 57. Pursuit of a hobby is clearly customarily a part of recreational activities. As long as the pursuit thereof is not of such a nature, or to such an extent, as to impair the residential character of the neighborhood, it cannot be supposed a zoning ordinance was intended to prevent it. Two- and three-car families are commonplace today. The ordinance herein contemplates three car families; it provides for private garages in residential districts large enough to accommodate three automobiles. Sec. 207(1). The parking of one or two extra automobiles cannot be construed as an extension of this hobby or habit to such a degree as to impair the residential character of the district in which appellant resided.
In view of the foregoing, it is our conclusion that the borough failed to prove the appellant was guilty of a violation of its zoning ordinance. The conviction is hereby reversed; no costs.