81 N.J. Super. 201 (1963)
195 A.2d 221
BOROUGH OF NORTHVALE, PLAINTIFF,
v.
MARIO BLUNDO, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided November 6, 1963.
*202 Mr. James J. Hogger for plaintiff.
Mr. James P. Logan for defendant (Messrs. Logan and Logan, attorneys).
G.H. BROWN, J.C.C.
Defendant was charged with not housing a commercial vehicle overnight on his residential property, in violation of a Northvale zoning ordinance. He was convicted in the municipal court and has appealed.
In this trial de novo there is no factual dispute. On July 24, 1963, at about 9 P.M., defendant's Ford Falcon panel station wagon was parked in the driveway of his one-family dwelling at 413 Birchtree Lane. Lettering on the sides of the vehicle prominently advertised defendant's business conducted elsewhere. The station wagon had been used by defendant for transportation home that day from his business place. He intended to use it for return to work the next morning. This *203 course of conduct had regularly been followed by defendant since before June 12, 1963, when an amendment of the zoning ordinance explicitly prohibited such overnight parking of a commercial vehicle outside a garage.
It is the defendant's contention that enforcement of the amendment in his case is illegal because it deprives him of a valid nonconforming use. He further defends on the ground that his practice constitutes an accessory use which the amendment cannot affect.
The defendant lives in an "`A' residence" district, according to the basic zoning ordinance enacted in 1955. In Article V thereof the dwelling use is expressly allowed. Although the ordinance does not in terms permit uses incidental or accessory to the dwelling use, they must ordinarily be implied as an inalienable right. The allowance of a primary use generally authorizes all uses normally accessory, auxiliary or incidental thereto. Zahn v. Newark Board of Adjustment, 45 N.J. Super. 516 (App. Div. 1957). The defendant says that when he parked the subject vehicle in his driveway overnight he was making such a use of the premises. This is so, he argues, because he needed it for transportation to and from the place where he earns his living.
Can the defendant's practice with respect to the presence of his station wagon in the driveway rise to the dignity of a "nonconforming use," in the sense of that term in zoning law? R.S. 40:55-48 provides:
"Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied * * *."
Was there in this case a "use" of the kind contemplated by the statute and therefore invulnerable to the 1963 prohibition?
In his article "Control of Land Use in New Jersey," Professor Roger A. Cunningham has collected decisional law bearing on the issue of nonconforming use enlargement. 14 Rutgers L. Rev. 37, 68 (1959). Involved in all of the cited *204 cases was some activity directly appurtenant to the land itself or to a structure thereon. The uses under review in those instances had to do with activities which contributed utility to the premises as such. That is not the fact in the case sub judice. The "nonconforming use" label is applied here to something very different. The vehicle was on the property, not to make the residence structure more habitable as a dwelling, but rather because its presence was conducive to the economic convenience of an owner of the land. The established concept of a "nonconforming use" does not cover an activity simply because it takes place on the premises. It must bear a relationship to land use.
An "accessory use" is one which is "customarily incidental to the principal use of a building" or "so necessary * * * or so commonly to be expected * * * that it cannot be supposed the ordinance was intended to prevent it." Zahn v. Newark Board of Adjustment, supra, at p. 522.
Defendant relies upon Borough of Mountain Lakes v. Mola, 60 N.J. Super. 419 (Cty. Ct. 1960) as authority to show that what he did was within the intendment of the zone plan. The cited case presented nearly identical facts  the half-ton pickup truck of that defendant was parked in the driveway of his single-family residence property "at the close" of a day; it was his custom to use the truck for transportation to and from his place of work; it was related to the premises in no other way. There was one difference in the facts. The Mountain Lakes zoning ordinance did not expressly prohibit the parking. If such had been the case the judicial result might have been different, since the opinion comments upon the absence of such an intention in the language of the ordinance. In any event, the court squarely faced the "accessory" issue. It was held that "* * * from the admitted fact that the defendant used this commercial vehicle to go to work in the morning and return home at night, its parking was an incident to the permitted use of a single-family residence." (p. 423) The complaint for violation of the ordinance was dismissed.
*205 Uses accessory to the dwelling function ought not to be unduly restricted. The breadth of tolerance is suggested in Borough of Chatham v. Donaldson, 69 N.J. Super. 277 (App. Div. 1961). There the court said:
"Use by a family of a home under our customs includes more than simple use of a house and grounds for food and shelter. It also includes its use for private religious, educational, cultural and recreational advantages of the family." (at p. 282)
On the other hand, "Accessory uses are not without their limitations." Skinner v. Zoning Bd. of Adjust., Cherry Hill Tp., 80 N.J. Super. 380, 388 (App. Div. 1963). The limit would appear to be reached where the activity on the land will "impair the residential character of the neighborhood." Borough of Chatham v. Donaldson, supra, at p. 282.
The rule for decision in this area of competing considerations is provided in the judicial definition of "accessory use." It has evolved from many cases. The criterion, after all, is custom and common expectation.
In Mountain Lakes v. Mola there was no treatment of this aspect of the problem. The presence of the defendant's truck was validated because it was his practice to use it for transportation. This ought not to be enough to establish a private right, out of joint with a general regulation.
Defendant in the present case has not shown that the exposed parking overnight of distinctly commercial vehicles on dwelling premises, in the most restricted district created by a comprehensive zoning plan, is a land activity "customarily" found or "commonly to be expected." Without such proof he is in violation of the 1955 ordinance which does not in terms permit such parking. The fact that there was no specific prohibition until the 1963 amendment does not imply that parking was allowed before. See State v. Mair, 39 N.J. Super. 18 (App. Div. 1956). The fine and costs will be the same as imposed below.