88 N.J. Super. 181 (1965)
211 A.2d 230
TOWN OF BLOOMFIELD, PLAINTIFF-RESPONDENT,
v.
CHRISTIAN PARIZOT, DEFENDANT-APPELLANT.
TOWN OF BLOOMFIELD, PLAINTIFF-RESPONDENT,
v.
JOHN DeVITO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court.
Decided June 10, 1965.
*182 Mr. Barry W. Crelin, Assistant Town Attorney, for plaintiff (Mr. Joseph D. Lintott, Town Attorney).
Mr. James D. Checki, Jr., for defendants.
CRANE, J.C.C.
These are appeals from the Municipal Court of the Town of Bloomfield. The parties have stipulated the facts. Defendant Parizot is the owner of premises located in the Town of Bloomfield within an R-5 single family residential zone. In July 1962 he entered into a contract to have a swimming pool erected on his property for $2,099. The pool was erected in late summer of that year without an application for a building permit first having been made.
On February 14, 1963 the town building inspector directed Parizot to remove the pool because of various alleged zoning violations. After other communications and defendant's refusal to remove the pool, a summons and complaint were served on March 31, 1964 charging failure to secure a building permit and violation of the zoning ordinance.
The trial in the municipal court was adjourned until after an application for a variance could be heard by the board of adjustment. The variance application was filed on May 28, 1964. At the same time, an application was made for the *183 first time to the building inspector for a building permit. He refused to issue the permit on June 24, 1964. An appeal was taken to the board of adjustment, and after a partial hearing the appeal was withdrawn.
The facts with respect to defendant DeVito, except for minor differences as to dates and price, are substantially identical. His pool was erected by the same distributor and is essentially similar in construction and appearance.
Defendants were subsequently tried in municipal court on December 11, 1964 and found guilty. Each was fined $100 and charged $5 costs.
On this appeal it is also stipulated that the pools are above ground, requiring no excavation; they can be installed or removed by two men in half a day. By stipulation, photographs have been submitted showing the pools in question and their location on the premises. Other photographs of similar pools have been submitted to show the general nature of the construction. There has also been submitted a drawing of the structural details of the pools, together with plot plans generally showing the location on the premises.
The complaints charge in the first paragraph that defendants erected and constructed the pools before obtaining a building permit, as required by sections 1 and 3 of the local building code. The second paragraph of each complaint charges that defendants constructed the pools in violation of the zoning ordinance with respect to front yard requirements and in violation of the accessory use regulations.
It is argued by the town that a swimming pool is not an accessory use permitted by the zoning ordinance. Article VII, section A, of the ordinance permits a number of uses including:
"(e) Accessory uses on the same lot and customarily incidental to the permitted dwelling unit shall not include a business but may include:
(1) Private garage.
(2) Tool house.
(3) Private parks, gardens and private noncommercial greenhouses."
*184 An accessory use is one customarily incident to the principal use and so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it. Borough of Chatham v. Donaldson, 69 N.J. Super. 277 (App. Div. 1961). In that case the court remarked that:
"Use by a family of a home under our customs includes more than simple use of a house and grounds for food and shelter. It also includes its use for private religious, educational, cultural and recreational advantages of the family." (at p. 282)
Following the Donaldson decision the Appellate Division decided Skinner v. Zoning Bd. of Adjustment, Cherry Hill Tp., 80 N.J. Super. 380 (1963), holding that a 100-foot radio tower used by a radio amateur was an accessory use. See also Wright v. Vogt, 7 N.J. 1 (1951).
We find no cases in New Jersey dealing specifically with swimming pools as uses accessory to residences. However, in Tullo v. Millburn Tp., 54 N.J. Super. 483 (App. Div. 1959), it was held that a swimming pool was a permitted accessory use in connection with a private club. The court observed that:
"Outdoor swimming pools have in recent years become a customary part of club activities. They have likewise become frequent as accessory to private dwellings which Millburn definitely recognizes and permits by its ordinance." (at p. 496)
In other jurisdictions swimming pools have been recognized as accessory uses to private residences. Thomas v. Zoning Board of Adjustment, 241 S.W.2d 955 (Tex. Civ. App. 1951); Rathkopf, Zoning and Planning (3d ed. 1964), p. 23-56. In view of the authorities cited it is concluded that swimming pools are permitted uses accessory to private residences under the zoning ordinance submitted. As accessory uses they must, of course, be erected in conformity with setback and other regulations concerning location. In these cases the parties have specifically refrained from stipulating the *185 exact location of the pools; consequently, there is a failure of proof in that regard.
The remaining charge to be considered is whether applications for building permits were required before erection of the pools. The building code adopted by ordinance in 1944 provides as follows:
"SECTION 1. No building or structure or any part thereof shall hereafter be erected, constructed, repaired, remodeled or demolished within the Town of Bloomfield until a permit therefore shall have been obtained from the Inspector of Buildings of The Town of Bloomfield as hereinafter provided.

* * * * * * * *
SECTION 3. Application for a permit, as aforesaid, shall be made in writing * * * accompanied by complete plans showing the proposed construction in all details and a plot diagram showing the exact location of the work.

* * * * * * * *
SECTION 12. Any person * * * that shall violate any provision of this ordinance * * * shall, upon conviction thereof, pay a penalty of not exceeding $200.00, or be imprisoned in the County Jail for not exceeding 90 days, or both."
Defendants argue that the pools are not structures within the meaning of the building code. The position is unsound. The term "structure" is defined by the Building Code of the National Board of Fire Underwriters as "a combination of materials to form a construction that is safe and stable; including among others, stadiums, gospel and circus tents, reviewing stands, platforms, stagings * * *." This definition has been adopted by reference in the Bloomfield Building Code, section 2.
In Moore v. Bridgewater Tp., 69 N.J. Super. 1 (App. Div. 1961), the term "structure" as used in relation to zoning was defined as "any production or piece of work, artificially built up or composed of parts and joined together in some definite manner." Using that definition the court held that a stone crusher, electric poles and wires, a fence and a cinder block building were all structures.
An examination of the photographs and plans submitted in these cases indicates that the swimming pools are *186 constructed of wooden studs with a plywood wall and a vinyl pool liner. They are placed on a sandbed, level with the ground. The tops of the pools are above ground, with a deck around the perimeter. Each pool is surrounded by a built-in fence. They possess characteristics similar in some respects to gospel and circus tents, reviewing stands, platforms, stagings. In every sense they are structures for the erection of which a building permit is required.
Defendants are therefore found guilty of the charges contained in the first paragraph of the complaint. A fine of $100, together with costs in the Bloomfield Municipal Court and in this court, is imposed as to each defendant.