## DAVIS v ORANGE COUNTY CODES ENFORCEMENT BOARD, etc., et al.

### Case No. CI87-2005

Ninth Judicial Circuit, Orange County, Florida

December 3, 1987

### APPEARANCES OF COUNSEL

**Brian Stokes** for petitioner.

**Steven Lengauer** for Orange County Codes Enforcement Board.

**Harry Stewart** for Orange County, Florida.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

*FINAL ORDER ON PETITION FOR WRIT OF CERTIORARI*

THIS CAUSE having come on to be heard before this Court, upon

the Petition for Writ of Certiorari of ALAN W. DAVIS and the Court having considered the petition, the Respondents' answer, Petitioner's reply, the record of the proceedings in the lower tribunal, and having heard oral argument of counsel for the parties, and being otherwise duly advised in the premises, it is

CONSIDERED, ORDERED AND ADJUDGED:

1. Petitioner, ALAN W. DAVIS, is an individual residing in unincorporated Orange County, Florida. He is in possession of the following described real property pursuant to a rental agreement with the owners, Robert and Carol Sullivan:

CONWAY ACRES, Third Addition, Lot 11, Block G, Section 16, Township 23, Range 30, a/k/a 5915 Albercorn Drive, Orlando, Orange County, Florida.

2. Respondent, ORANGE COUNTY CODES ENFORCEMENT BOARD, was created and established, by the Board of County Commissioners, to promote, protect and improve the health, safety and welfare of the citizens of unincorporated Orange County. This Board is to provide an equitable, expeditious, effective and inexpensive method of enforcing the County's technical codes. Respondent, ORANGE COUNTY, FLORIDA, is a political subdivision of the State of Florida.

3. Petitioner, as a hobby, was in the process of constructing a mechanical device which appears to be the center body portion of an airplane without wings, in his carport. No evidence that Petitioner's actions adversely affects anyone in the neighborhood. During proceedings, Petitioner constructed an opaque enclosure around carport to conceal his hobby from view. No evidence demonstrated that the Petitioner's work on the project was dangerous, noisy or offensive to others.

4. Respondents, by and through their designated agents, issued to Petitioner a Zoning Violation Notice charging him with storing and or repairing an airplane and that those activities are not permitted in an area which is zoned R1, i.e., single-family dwellings and their "customary accessory uses".

5. The question for the Court: What is the interpretation of the words "customary accessory uses"? The parties present cases and authorities, that would allow such a use and also disallow such use. The cases presented do not support the more modern view that our society is increasingly a mobile, active, transportation conscious society.

6. The Petitioner should be allowed, in our society, to utilize his

**43**

property in the pursuit of his hobbies and interests. To stifle such an expression of creativity would be adverse to our society as a whole and should not be restricted unless it is harmful to the safety, general welfare or patently offensive in some manner. Such is not the case in the proceedings before this Court.

7. Portable airplanes with detachable or retractable wings can be analogized to an automobile or boat. Orange County Zoning Resolution does not specifically prohibit the possession or storage of airplanes, watercrafts, automobiles, trucks, recreational vehicles, trailers or all-terrain vehicles. If the County wishes to identify "customary accessory uses", such can be enforced by the Court; however, absent such determination, the Court can only base its decision upon the presentation of the parties as to whether or not such use is contemplated within the terms "customary accessory uses".

8. Respondents seek to restrict and prohibit the Petitioner, while at the same time permit the storage of other similar items, such as boats.

9. The use of residential property includes more than the simple use of a house and grounds for food and shelter. It customarily includes its use for private, religious, educational, cultural and recreational advantages of the family. *Chatham v. Donaldson,* 174 A.2d 213 (N.J. App. Div. 1961). That Court specifically noted that the "pursuit of a hobby is clearly customarily a part of recreational activities". *Id.* at 216

10. This Court finds that Petitioner's possession and work is a "customary accessory use" of his residential neighborhood and the Respondents have acted arbitrarily and capricious towards Petitioner.

11. The Petition for Writ of Certiorari is GRANTED and the decisions of February 20 and March 19, 1987, are hereby vacated and quashed. Within ten (10) days of this Order, Respondents shall execute and record, at their expense, those documents necessary to show that any liens against the real and personal property of Alan W. Davis, Robert and Carol Sullivan, created by virtue of said orders are released, vacated and otherwise null, void, invalid, and without force and effect.

12. The Court denies relief under Florida Statutes, 57.105, but awards costs to the Petitioner in the amount of $486.75, for which let execution issue.

13. The Court reserves jurisdiction to enter such future orders as may be necessary and appropriate to enforce this Order.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida, this the 3rd day of December, 1987.