[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to enjoin an alleged zoning violation. The plaintiff City of West Haven claims that the defendant has installed or constructed an above-ground swimming pool in violation of the set-back requirements of the city's zoning regulations.
The parties have entered into the following partial stipulation of facts. The plaintiff, City of West Haven, is a municipality organized under the laws of the State of Connecticut and empowered with those powers as contained in Article XIII of the Connecticut General Statutes. The defendant is the owner of real property located within the city and is subject to its zoning regulations. The Land Use Regulations of the city, which became CT Page 9999 effective on April 4, 1995, are the local regulations which control this matter. The defendant owns property in an R-3 zoning district, as defined in the zoning regulations. In an R-3 zoning district, a single family home is a use permitted as of right. A swimming pool is a permitted accessory use for a single family home in an R-3 zone. The "bulk" or coverage requirements for an R-3 zoning district are set forth in § 2-3.2 of the regulations. The side-yard setback requirement is ten (10) feet for an R-3 zone as established by § 2-3.2 of the regulations. The defendant's house is a legally non-conforming structure, and the lot is a legally non-complying lot within the meaning and definitions of the regulations. On or about March 14, 1997, the defendant applied for a building permit to construct a swimming pool in his back yard. The building permit was never issued. On or about April 1, 1997, the defendant constructed a swimming pool. The pool is situated approximately four feet from the same westerly property line as the defendant's house. A variance has never been granted to permit the construction of the swimming pool within the side yard setback.
In his brief, the defendant states that he applied for a building permit for the pool on the advice of building officials who also instructed him that a variance would be required. The defendant admits that his application for a variance was denied. The defendant did not appeal that denial.
The parties have filed briefs, devoid of case law, discussing the regulations.
In addition, the court heard testimony. Based on that evidence, the court makes the following findings. The defendant's yard is thirty-three feet wide. The swimming pool is an above-ground "eighteen footer." In addition to being four feet from one neighbor of the defendant's, the swimming pool is ten feet from another neighbor. The defendant's lot is approximately the same size as others on his street and many of his neighbors have the same type of pool in the same location. Prior to constructing or installing the swimming pool, the defendant built a deck in the rear of his house for which he was not required to obtain a building permit. The zoning regulations were in effect when the deck was constructed.
The defendant first argues: "Section 6-18.4 of the Regulations provides that `(e)very pool shall be constructed within the yard setbacks of the prevailing zoning district and pol [sic] shall be located within a front yard.' The meaning of this Section is CT Page 10000 ambiguous and unclear. Normal reasoning would be that the intent is that pools shall be constructed so as not to fall within the area to be reserved for yard setbacks. However, `within the yard setbacks' suggests that a pool could be built within that area reserved for setbacks. This section is, on its face, unclear and should not restrict a property owner's rights when it is so ambiguous." (Emphasis in original.) This court disagrees.
"In construing [zoning] regulations, the general rules of statutory construction apply." Smith v. Zoning Board of Appeals,227 Conn. 71, 89, 629 A.2d 1089, 510 U.S. 1164, 114 S.Ct. 1190,127 L.Ed.2d 540 (1993). "The regulations must be construed as a whole and in such a way as to reconcile all their provisions as far as possible." Kleinsmith v. Planning Zoning Commission,157 Conn. 303, 313, 254 A.2d 486 (1968). "The language of the ordinance must be given a construction which is reasonable under all the circumstances. Hutchison v. Board of Zoning Appeals,140 Conn. 381, 385, 100 A.2d 839." Planning Zoning Commission v.Synanon Foundation, Inc., 153 Conn. 305, 309, 216 A.2d 442
(1966).
The defendant is correct that the regulations are inartfully drafted.[1] "Zoning regulations universally contain front setback requirements, designed to keep buildings and structures at significant distance from streets for safety reasons. Most regulations contain rear yard and side yard setbacks in addition to front yard requirements. . . ." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (West 1993) § 4.35, p. 96. The flaw in the defendant's claim is that the drafting error is too obvious, even to one unskilled in land use regulation. "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) RizzoPool Company v. Grosso, 240 Conn. 58, 76 n. 18, 689 A.2d 1097
(1997).
As the defendant states elsewhere in his brief, "the only issue before the court is whether Section 9-4.2C permits the pool to be within th[e] ten foot setback." The court concludes it does not.
Section 9-4.1 of the city's land use regulations provides: "It is the intent of the Regulations to require [sic] the use of property in lots having minimum sizes, dimensions and characteristics. It is also the intent of these Regulations that CT Page 10001 the structures located on said lots shall similarly comply with certain dimensional requirements. However, it is also recognized that the City of West Haven is a community which is, at the time of adoption of these Regulations, primarily developed or with undeveloped lots which have received prior approvals. These Regulations, therefore, permit under specified circumstances with appropriate controls, the continued use of new development of lots or structures which do not condorm [sic] to current area and bulk requirements, on a limited and specifically restricted basis."
Section 9-4.2A. provides that "[t]he continued use of a non-complying building or other structure shall be permitted, except as otherwise provided by this rule." The section also distinguishes between nonconforming lots and nonconforming structures. See also Petruzzi v. Zoning Board of Appeals,176 Conn. 479, 481 n. 2, 408 A.2d 243 (1979). Section 9-4.2A then concludes: "No new building or structure shall be erected except as provided herein. In interpreting this Section, each subsection shall be deemed mutually exclusive such that only one subsection (B, C or D) shall apply to any particular situation."
The defendant claims that he was permitted as of right to install his pool by virtue of subsection "C." That subsection, entitled "Enlargements or Conversions," provides:
 A non-complying building or other structure may be enlarged or converted provided that no enlargement or conversion may be made which would either create a new non-compliance or increase the degree of non-compliance of the building or other structure or any portion thereof. An enlargement defined [sic] as creating additional units, rooms, or a greater degree of lot coverage.
 If an existing lot and building are non-complying because the lot area per dwelling unit is less than required then such building may be enlarged, [sic] converted only provided that the deficiency in the required lot area of dwelling is not hereby [sic] increased.
The defendant argues that "[t]he property is already not in compliance with the side yard setback due to the location of the house, which is also approximately four feet from the same CT Page 10002 property line. Thus, the location of the pool does not create a new non-compliance, but simply follows the existing building line." This argument does not wash. On a nonconforming lot, "[n]o new building or structure shall be erected except as provided" in § 9-4.2. A structure is defined in the regulations as: "Anything constructed or eracted [sic] which requires location on the ground or attachment to something having location on or in the ground." See Silitschanu v. Groesbeck, 12 Conn. App. 57, 62,529 A.2d 732 (1987), aff'd, 208 Conn. 312, 315, 543 A.2d 737 (1988). The defendant has stipulated: "The swimming pool was constructed by the Defendant on or about April 1, 1997." Subsection "C" of §9-4.2 of the regulations is inapplicable because the swimming pool is not an enlargement or conversion of an existing building or structure but the construction of a new structure. Scott v.Board of Appeal, 356 Mass. 159, 248 N.E.2d 281, 283 (1969); Townof Bloomfield v. Parizot, 88 N.J. Super. 181, 211 A.2d 230, 233
(1965); Riccio v. Barbarotta, Superior Court, judicial district of Fairfield at Bridgeport, No. CV 89-0262288 S (Jan. 14, 1991); see Silitschanu v. Groesbeck, supra, 208 Conn. 315; Silitschanuv. Groesbeck, supra, 12 Conn. App. 69; cf. Goldmuntz v. Town ofChilmark, 38 Mass. App. 696, 651 N.E.2d 864 (1995); Corter v.Zoning Board of Appeals, 46 App. Div. 2d 184, 361 N.Y.S.2d 444,447 (1974); Greeenberg v. Koslow, 475 S.W.2d 434, 437 (Mo.App. 1971). The defendant's construction of the above-ground swimming pool, therefore, violates the city's land use regulations.
This, however, does not conclude the matter. The plaintiff city seeks injunctive relief. Because it is a municipality, the plaintiff is not required to prove the lack of an adequate remedy at law. Crabtree v. Van Hise, 39 Conn. Sup. 334, 338,464 A.2d 865 (App. Sess. 1983), adopted in Johnson v. Murzyn,1 Conn. App. 176, 181, 469 A.2d 1227, cert. denied, 192 Conn. 802,471 A.2d 244 (1984). "A decision to grant or deny an injunction [, however,] must be compatible with the equities in the case which include the gravity and willfulness of the violation, as well as the potential harm to the defendants." (Internal quotation marks omitted.) Crabtree v. Coyle, 19 Conn. App. 208, 211, 561 A.2d 455
(1989); see generally Fuller, op cit., pocket part § 41.3.
For the following reasons, the court finds that a mandatory injunction should issue. First, the violation was wilful, although its gravity is not immense. Second, it does not appear that the cost to remove the pool would not be unduly burdensome. Third, the damage to defendant, specifically to the scheme of the regulations (§ 9-4.2) would not be inconsiderable. As counsel CT Page 10003 remarked during the trial of this matter, West Haven is a shore community characterized by many small, nonconforming lots. See, e.g., Jaser v. Zoning Board of Appeals, 43 Conn. App. 545,684 A.2d 735 (1996); Johnson v. Zoning Board of Appeals,35 Conn. App. 820, 646 A.2d 953 (1994); Spencer v. Zoning Board ofAppeals, 15 Conn. App. 387, 544 A.2d 676 (1988); Torsiello v.Zoning Board of Appeals, 3 Conn. App. 47, 484 A.2d 483 (1984). It would do violence to the regulations to permit owners of such lots to willy-nilly construct or install above-ground swimming pools. Fourth, a swimming pool is not necessary to enjoy the residential use. Cf. Skelly v. Morgan, Superior Court, judicial district of Danbury, No. 306511 (May 12, 1994) (11 Conn. L. Rptr. 433). Fifth, while there was evidence that owners of other nonconforming lots in the defendant's neighborhood had installed above-ground swimming pools, there was no credible evidence of the circumstances involved in those installations, such as whether those owners had obtained variances, or whether there exists discriminatory enforcement of the zoning laws. See Chaplinv. Balkus, 189 Conn. 445, 447-48, 456 A.2d 286 (1983); Bianco v.Darien, 157 Conn. 548, 559-560, 254 A.2d 898 (1969); Carini v.Zoning Board of Appeals, 164 Conn. 169, 174, 319 A.2d 390 (1972), cert. denied, 414 U.S. 831, 94 S.Ct. 64, 38 L.Ed.2d 66 (1973);Dlugos v. Zoning Board of Appeals, 36 Conn. Sup. 217, 222,416 A.2d 180 (1980).
Pursuant to General Statutes § 8-12, a mandatory injunction issues ordering the defendant to remove the swimming pool. The plaintiff also is awarded $1,500.00 for attorney's fees and taxable costs.
BY THE COURT
Bruce L. LevinJudge of the Superior Court