STATE OF VERMONT
ENVIRONMENTAL COURT

|  | { |  |
|---|---|---|
| In Re James D. Fowler | { | Docket No. 159-10-11 Vtec |
| Notice of Violation | { |  |
|  | { |  |

## Decision on Multiple Motions

James Fowler ("Appellant") has appealed a decision by the Town of Richford Development Review Board ("the DRB") upholding the Town of Richford Zoning Administrator's decision to issue Appellant a Notice of Violation ("NOV"). Currently before this Court are two motions for summary judgment. The first, filed by Appellant, is a motion for summary judgment on Questions 1 and 3 of Appellant's Statement of Questions. In response, a group of interested persons[1] ("Interested Persons") opposed Appellant's motion and filed a motion for summary judgment on all six of Appellant's Questions. The Court will address both motions in this Decision.

Interested Persons are represented in this appeal by Gerald R. Tarrant, Esq. Appellant is represented by Annie Dwight, Esq. The Town of Richford, Vermont ("the Town"), which has not submitted pleadings on the pending motions, is represented in this appeal by Michael S. Gawne, Esq. An additional interested person, Charles Hotchkin, appears pro se.

## Factual Background

For the sole purpose of putting the pending motions into context, the Court recites the following material facts, which it understands to be undisputed unless otherwise noted:

1. Appellant began riding dirt bikes on his residential property at 486 Wightman Hill Road in the Town of Richford, Vermont on or about May 1, 2011. Appellant's use of dirt bikes on his property occurred on evenings and weekends until July 12, 2011.

---

[1] The current group of interested persons consists of Lilias-Mary Paddon, Kathy Ross, Rick Ross, Sally Bochner, Jay Bochner, Helen Kyle, Norris Kyle, Charlotte Rossandler, John Bridgman, Pen Bridgman, Kitten Ellison, Jeffrey Goyne, Brian Bonk, John Osborne, Alison Osborne, and Robert Fretz. Luke Parsons and Brian Farrar, originally part of the group filing the motion for summary judgment, have been dismissed as parties from this appeal. See In re Fowler NOV, No. 159-10-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 19, 2012) (Durkin, J.).

2. On July 12, 2011, the Town of Richford Zoning Administrator issued an NOV to Appellant for violating Section 4.7(B) of the Town of Richford Zoning Bylaws ("Bylaws"), a noise performance standard, by riding dirt bikes on his property.

3. Appellant's property lies in a valley, although Appellant and Interested Persons disagree as to the shape of the valley and whether the sound of Appellant's dirt bike activities on Appellant's property carries throughout the area.

4. Appellant's lot is located in the Town's Agricultural Zoning District; Appellant uses his property as a residence for himself, his wife, and his daughter.

5. Appellant appealed the issuance of the NOV to the DRB.

6. Commencing on August 9, 2011 and concluding on September 20, 2011, the DRB held a four-day public hearing to consider Appellant's appeal of the NOV.

7. In a decision dated October 3, 2011, the DRB ultimately upheld the issuance of the NOV. Appellant appealed the DRB's decision to this Court.

## Discussion

### I. Standard of Review

We will grant summary judgment to a moving party if the party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). When considering cross-motions for summary judgment, we look at each motion individually and give the party opposing a motion the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Communications, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). Nonetheless, both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to admissible evidence. V.R.C.P. 56(c)(1). See Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence"). With these standards in mind, we consider the pending motions for summary judgment.

**II.    Appellant's Motion for Summary Judgment**

The NOV under appeal in this case charges Appellant with violating a Town noise performance standard contained in Bylaws § 4.7(B)(1) by riding dirt bikes on his property and causing noise in excess of 70 decibels at his property line. Bylaws § 4.7(A) requires that performance standards, "as measured at the property line, must be met and maintained in all districts for all uses, except for agriculture and forestry." The Bylaws define "use" as "[t]he specific purpose for which land or a building is arranged, designed, or intended, or for which land or a building may be occupied or intended." Bylaws § 7.2.

Bylaws § 4.7(B) contains the Town's five performance standards. The first performance standard, found in § 4.7(B)(1), forbids "[n]oise in excess of 70 decibels at the property line that is not the result of occasional, customary activities associated with an allowed use (e.g., lawn mowing or garden cultivating)." A landowner can avoid violating § 4.7(B)(1) in two ways. First, the landowner can refrain from creating noise in excess of 70 decibels at his or her property line. Second, if the landowner does create such noise, he or she will not violate the performance standard if that noise is the result of an occasional, customary activity associated with an allowed use.

Appellant has moved for summary judgment on Questions 1 and 3 of his Statement of Questions. Appellant's Question 1 goes to the heart of the primary issue in this appeal: "Does Appellant's recreational dirt biking and/or motocross use of his property violate Section 4.7 of the ['Bylaws']?" (Appellant's Statement of Questions, filed Nov. 15, 2011). Appellant's Question 3 refers to the second method of avoiding a violation of § 4.7(B)(1) and asks, "Is Appellant's recreational dirt biking and/or motocross use of his property an occasional, customary activity associated with an allowed use?" Id. Because Question 3 addresses a sub-issue raised by Appellant's Question 1, we will address Appellant's motion for summary judgment on Question 3 first.

**a.    Appellant's Question 3**

Appellant argues that because his "use of dirt bikes is customary in the Town of Richford" and because such use is occasional, Appellant's use of dirt bikes on his own property is not subject to the Bylaws § 4.7(B)(1) performance standards for noise. Appellant supplies a number of affidavits supporting the argument that dirt bikes and ATVs are commonly used in, and even constitute part of the culture of, Richford, Vermont. Even if this is the case, however,

Appellant misunderstands the exception to the noise limit performance standard in § 4.7(B)(1). The section allows activities that cause noise in excess of 70 decibels at the property line if the noise is the "result of occasional, customary activities *associated with an allowed use*." Bylaws § 4.7(B)(1) (emphasis added).

Bylaws § 3.5, Table 3.2 lists the "Allowed Uses" for each of the Town's Zoning Districts. In this case, Appellant's property is located in the Town's Agricultural Zoning District, and Appellant acknowledges that the property is "used for residential purposes." (Appellant's Reply to Interested Persons' Opp'n to Appellant's Mot. for Summ. J. at 4, filed July 13, 2012.) Several types of residential uses are "allowed" in the Agricultural Zoning District. Bylaws § 3.5, Table 3.2. Accordingly, the appropriate question in this case is not whether Appellant's dirt bike hobby is customary among residents of Richford, but rather whether recreational dirt biking is a customary activity associated with Appellant's allowed residential use of property.[2]

The Bylaws do not include a list of all activities that are customarily associated with an allowed residential use. However, § 4.7(B)(1) of the Bylaws offers two examples of customary activities associated with an allowed use: "lawn mowing or garden cultivating." Appellant cites two cases in particular for the proposition that, in Vermont and under Vermont law, dirt biking should also be considered a customary activity associated with the residential use of property. For the reasons expressed below, we decline to adopt Appellant's reasoning and conclude that dirt biking is not exempted from conformance with the Town noise restrictions.

In In re Scheiber, the Vermont Supreme Court stated, "Use of residential property includes more than the use of a house and grounds for food and shelter. Rather, '[i]t also includes its use for . . . *recreational* advantages of the family. Pursuit of a hobby is clearly a customary part of recreational activities.'" 168 Vt. 534, 538–39 (1998) (emphasis in original) (quoting Borough of Chatham v. Donaldson, 174 A.2d 213, 216 (N.J. Super. Ct. App. Div. 1961)).

---

[2] Appellant urges this Court, in determining whether dirt biking is a customary activity associated with a residential use of property, to place weight on the fact that others in Richford ride dirt bikes, both on and off their properties. Appellant cites two cases in support of the proposition that we should look to the surrounding area to determine customary association, In re Scarborough, No. 206-9-07 Vtec (Vt. Envtl. Ct., Mar. 12, 2009) (Wright, J.) and In re Appeal of Paul Valois, No. 7-1-06 Vtec (Vt. Envtl. Ct., May 3, 2007) (Wright, J.). In both Scarborough and Valois, we looked to the surrounding area to determine if a proposed use was "customarily incidental" to a principal use in reviewing a zoning permit appeal. Id. In this case, we need not reach beyond the language of the Bylaws to determine what occasional activities are customarily associated with a residential use. As discussed below, the examples of such activities contained in Bylaws § 4.7(B)(1), along with the goals of the Town's performance standards outlined in Bylaws § 4.7(A), provide this Court with sufficient guidance.

The Scheiber Court went on to state that in a rural community, "the opportunity to pursue private recreational activities on one's land, such as sport or target shooting, is greater than in more residential areas of the state." Id. at 539. Accordingly, such recreational uses "fall outside the rudiments of zoning," and generally do not require a zoning permit or conditional use approval in a rural location. Id. at 538. However, the Court also noted that even in a rural community, a municipality is "also empowered to establish performance standards, including noise abatements," to regulate otherwise allowable recreational activities. Id. at 539 (citing 24 V.S.A. § 4407(7)). We do not interpret the Scheiber precedent as a basis for exempting dirt biking from performance standards, including noise limitations that have been duly adopted by a community.

The Court's holding in Scheiber is supported by its holding in In re Laberge Moto-Cross Track, 2011 VT 1, 189 Vt. 578 (mem.), also cited by Appellant in this case. Laberge addressed whether the construction of a particular moto-cross track on private, residential property required a zoning permit. Id. at ¶ 7. The Laberge Court held that "landowners' particular motorbike track does not require a zoning permit as it is a de minimis incidental use of property." Id. Appellant in this case suggests that the holding in Laberge supports his contention that moto-cross or dirt biking is generally a customary activity associated with the residential use of property. While the Court in Laberge held that construction of the track was de minimis, it noted that landowners could only ride motorcycles on their property "provided they complied with existing noise and nuisance performance standards." Id. at ¶ 13. Although deciding a case on the construction of a moto-cross track, the Laberge Court concluded its decision by stating:

> [T]he primary source of friction between these neighbors revolves around the noise created by the motorbikes. All of landowners' neighbors are entitled to quiet enjoyment of their property as much as landowners are entitled to the benefits of the recreational uses of their own. The balance between the parties' competing conceptions of enjoyment is a difficult one, but one that was struck in this case *through the application of local noise-related performance standards*, with which landowners appear to now be complying.

Id. at ¶ 16 (emphasis added; internal citation omitted).

Thus, the Vermont Supreme Court has made clear that just because construction for an activity is allowed on residential property without a permit does not mean that the activity may

be conducted in such a way as to prevent neighbors from quietly enjoying their own property. Laberge, 2011 VT 1 at ¶ 16.

In this case, we conclude that under these Bylaws, while dirt bike riding is a generally lawful use of private property, it is not exempt from the noise performance standard found in Bylaws § 4.7(B)(1). We hold as a matter of law that riding a dirt bike, even occasionally, is not an occasional, customary activity associated with the residential use of property in the same way as lawn mowing or "garden cultivating" under Bylaws § 4.7(B)(1). Yard maintenance, whether lawn mowing or garden cultivation, is an activity integrally associated with the ownership and occupation of suburban or rural residential property. Because yard maintenance may occasionally require the use of equipment that exceeds the 70 decibels limitation of Bylaws § 4.7(B)(1), it is reasonable that such activities would not subject property owners to municipal enforcement actions.

Extending the exemption to include activities such as riding dirt bikes, which have no inherent association with the residential use of property, even if many residents of the Town engage in such activities, would significantly weaken the noise performance standard to the detriment of neighboring property owners. Such an interpretation would defeat the purpose of the performance standards, as described in Bylaws § 4.7(A), to prohibit the use of land "in any zoning district" in a manner creating "objectionable conditions which adversely affect the reasonable use of adjoining or nearby property(ies)." See In re Champlain Oil Co., No. 89-7-11 Vtec, slip op. at 36 (Vt. Super. Ct. Envtl. Div., Oct. 10, 2012) (Durkin, J.) ("[P]urpose provisions in zoning bylaws provide helpful context and direction on what the regulatory provisions are intended or planned to accomplish.")

Accordingly, we **DENY** Appellant's motion for summary judgment on Question 3 and **GRANT** summary judgment in favor of Interested Persons. We hold that Appellant's recreational dirt biking and/or motocross use of his property is not an occasional, customary activity associated with an allowed use, under Bylaws § 4.7(A).

### b.      Appellant's Question 1

Appellant also moves for summary judgment on his Question 1, which asks whether "Appellant's recreational dirt biking and/or motocross use of his property violate[s] Section 4.7 of the [ Bylaws]." (Appellant's Statement of Questions, filed Nov. 15, 2011.) As we detail above, Appellant can avoid violating the noise performance standard in Bylaws § 4.7 in one of

6

two ways: if dirt bike riding is exempt from the standard as an occasional, customary activity associated with an allowed use, or if Appellant's dirt biking does not cause noise in excess of 70 decibels at his property line. We have held above that dirt bike riding is not exempt from the noise performance standard. Whether or not Appellant's dirt biking causes in excess of 70 decibels at his property line is a factual question. Thus, summary judgment on Question 1 is only appropriate if Appellant can demonstrate no dispute of material facts as to whether Appellant's dirt biking caused in excess of 70 decibels at his property line.

In this case, we find a dispute of material fact as to whether Appellant's dirt biking activities on his property cause noise in excess of 70 decibels at his property line. Appellant and Interested Persons have submitted numerous affidavits and memoranda, many of which relate to the issue of whether Appellant's dirt bike activities violate the noise performance decibel standard. In particular, Appellant and Interested Persons have filed conflicting affidavits as to whether it is possible for Appellant to ride his dirt bike on his property without causing noise in excess of 70 decibels at his property line.

Accordingly, we **DENY** summary judgment to either party on Question 1 of Appellant's Statement of Questions.

### III.     Interested Persons' Motion for Summary Judgment

On July 2, 2012, Interested Persons responded to Appellant's motion for summary judgment with both a memorandum in opposition to Appellant's motion for summary judgment on Questions 1 and 3, as well as a motion for summary judgment in Interested Persons' favor on all of Appellant's Questions. Appellant challenges the timeliness of Interested Persons' motion for summary judgment and claims that it should have been filed on or before the June 1, 2012 deadline established in the Discovery Stipulation and Order, filed February 9, 2012. Interested Persons counter Appellant's argument by stating that no party intended the Discovery Order's motions for summary judgment deadline to include responsive pleadings, including a motion for summary judgment filed by the adverse party to an initial motion for summary judgment.

We do not reach the question of whether Interested Persons' motion is timely, however, because in considering the pleadings, we find that we cannot grant summary judgment on any of Appellant's Questions but Question 3, which we have decided above. Even if Interested

Persons' motion for summary judgment were timely filed, Questions 1, 2, 4, and 5[3] all relate to disputed issues of material fact regarding whether Appellant, in riding dirt bikes on his property, must necessarily cause or has actually caused noise in excess of 70 decibels at his property line. Because Appellant's Questions 2, 4, and 5 are questions of facts currently in dispute, we cannot address those Questions on summary judgment.

Finally, even if Interested Person's motion for summary judgment were timely filed, we cannot grant summary judgment on Appellant's Question 6,[4] as Interested Persons have failed to show either no dispute of material fact on the Question or that they are entitled to judgment as a matter of law. In fact, while Interested Persons have exhaustively argued for summary judgment on Appellant's Questions 1 through 5, they mentioned Question 6 only in passing. (See Opp. to Appellant's Mot. for Partial Summ. J. & Interested Persons' Mot. for Summ. J. at 2, n.3, filed July 2, 2012.)

## Conclusion

For the reasons stated above, we **GRANT** summary judgment on Appellant's Question 3 and hold that Appellant's recreational dirt biking and/or motocross use of his property is not an occasional, customary activity associated with an allowed use, as that term is used in Bylaws § 4.7(A). We **DENY** Appellant's motion for summary judgment on Question 1. We also **DENY** Interested Persons' motion for summary judgment on Appellant's Questions 1, 2, 4, 5, and 6.

The legal issues remaining for resolution at trial are stated in Appellant's Questions 1, 2, 4, 5, and 6. The Court directs the parties, **by Monday, February 11, 2013**, to provide the Court with their individual estimates of the time needed to prepare for trial of the remaining legal issues, as well as the dates during the months of August and September, 2013, when they, their legal counsel, and their witnesses will be unavailable for trial. The Court encourages the parties to deliver this information to the Court, with copies to all parties, as soon as possible, since the

---

[3] Appellant's Question 2 asks, "Does Appellant's recreational dirt biking and/or motocross use of his property cause or result in noise in excess of 70 decibels at the property line?" Appellant's Question 4 asks, "Does Appellant's recreational dirt biking and/or motocross use of his property cause or result in noise in excess of 70 decibels at the property line if such uses are confined to certain areas on his property?" Appellant's Question 5 asks, "Has Appellant met his burden of proof regarding the 70 decibel standard contained in Section 4.7 of the Bylaws?"

[4] Question 6 asks, "Does the Notice of Violation issued by the Town of Richford meet the standards of due process?"

undersigned anticipates a number of matters requiring trial scheduling through September, 2013.

Done at Newfane Vermont this 4th day of February, 2013.

_____
Thomas S. Durkin, Environmental Judge